UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-290 |
| --- | --- | --- |
| v. | * | SECTION: "E" |
| CHEERY WAY, INC.<br>ELAINE CHIU | * | |
| | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

If this case were to proceed to trial, the United States would prove beyond a reasonable doubt, through credible testimony and reliable evidence, the following facts:

On or about October 4, 2010, a California company owned by **Elaine Chiu**, purchased the Mississippi Queen Riverboat located in Harvey, Louisiana for $800,000.00. The Mississippi Queen, Official No. 574200, was a stern wheel riverboat, with dimensions of 376 feet in length, 67 feet in width and a gross tonnage of 3,364 long tons. **Elaine Chiu** purchased the Mississippi Queen to demolish it and sell it for scrap metal to her business partners in China. Prior to the demolition of the Mississippi Queen, **Elaine Chiu** was made aware that the vessel may contain asbestos. **Cheery Way, Inc.,** another California company owned by **Elaine Chiu**, was the company designated to contract for the demolition of the Mississippi Queen. The purchasing company and **Cheery Way, Inc.,** were both closely held companies. **Cheery Way, Inc.,** contacted an asbestos abatement company in the Eastern District of Louisiana to conduct sampling of areas on the vessel that potentially contained asbestos. Sampling indicated that the walls of the Mississippi Queen contained 35% amosite asbestos and the ceilings contained 30% chrysotile asbestos.

1

Pursuant to the Clean Air Act and its regulations, any material containing over 1% asbestos is considered to be asbestos containing material and regulations regarding its handling and disposal must be followed. At trial, witnesses would testify and documents would be offered into evidence to show that **Elaine Chiu** and employees and agents with **Cheery Way, Inc.**, were made aware of the asbestos on the vessel and informed that the Louisiana Department of Environmental Quality would have to be notified ten days prior to any demolition of the vessel.

On or about March 17, 2011, after having been rejected by a number of dock owners to dock the vessel for demolition because of concerns over asbestos and failed attempts to sell the vessel to other owners, **Cheery Way, Inc.**, through the authority of **Elaine Chiu,** contracted to have the vessel demolished in Pierre Part, Louisiana. However, no one with **Cheery Way, Inc.**, informed the demolition contractors in Pierre Part that asbestos sampling of the vessel had been conducted and asbestos had been found in the walls and ceiling of the vessel. **Elaine Chiu** merely told the dock owners that the vessel "might" have asbestos. The demolition contractor had no prior demolition experience and was not a certified asbestos abatement contractor. However, the demolition contractor told **Elaine Chiu** and **Cheery Way, Inc.**, that he did not believe the vessel contained any asbestos. Neither **Elaine Chiu** nor any agent or employee of **Cheery Way, Inc.**, ever provided the demolition contractor the information from the abatement company showing where the asbestos was located or what notification needed to be made to the Louisiana Department of Environmental Quality.

Demolition of the Mississippi Queen began on or about April 4, 2011. Neither **Elaine Chiu** nor any agent or employee of **Cheery Way, Inc.**, ever notified the Louisiana Department of Environmental Quality that the Mississippi Queen was going to be demolished. The workers conducting the demolition were not required to take any precautions against releasing asbestos

fibers from the walls and ceiling tiles when they demolished the vessel. After receiving an anonymous tip about the demolition, the Louisiana Department of Environmental Quality inspected the demolition site and took samples of the debris piles. The sampling results indicated that the debris contained 30% chrysotile asbestos. The Louisiana Department of Environmental Quality issued the site a Notice of Deficiency and required that work be stopped.

On or about July 7, 2011, an employee of **Cheery Way, Inc.**, gave statements to the Louisiana Department of Environmental Quality about the company's knowledge of the asbestos on the vessel prior to the agency's inspection. In an attempt to mitigate **Cheery Way, Inc.'s** responsibility he did not inform the agency that **Cheery Way, Inc.**, and its employees had received sample results showing there was asbestos in the wall and ceiling tiles prior to the start of the demolition. The company **Elaine Chiu** used to purchase the Mississippi Queen paid $245,248.23 to remediate the demolition site in Pierre Part, Louisiana.

**READ AND APPROVED**:

_____
EMILY K. GREENFIELD (LA 28587)
Assistant United States Attorney

_____
CHEERY WAY, INC.
Defendant

_____
ELAINE CHIU
Defendant

_____
JOSEPH RASPANTI
Defense Counsel for Cheery Way, Inc., and Elaine Chiu

1/13/16
Date

3